UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SU, California State Labor Commissioner, Division of Labor Standards Enforcement, Department of Industrial Relations, State of California, on behalf of the People of the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>ECO INTEGRATED DEVELOPMENT, INC., a suspended California corporation; DAVID HUME, an individual; NANCY THOMAS, an individual; and DOES 1-10,<br><br>Defendants. | 1:14-cv-01917-JAM-GSA<br><br>**ORDER REMANDING CASE TO FRESNO COUNTY SUPERIOR COURT**<br><br>(ECF No. 8) |

**INTRODUCTION**

Pro se defendant David Hume ("Defendant") removed this case from the Superior Court of Fresno County on December 3, 2014, asserting that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Notice of Removal, ECF No. 1. Plaintiff Julie Su ("Plaintiff") moved to remand the initial Complaint, which asserts a single cause of action for damages under California Labor Code § 98.6 (precluding employers from discriminating or retaliating against employees for, among other

1

things, seeking relief for unpaid wages from the Labor Commissioner). Defendant contends that: (1) the Complaint alleges a failure to pay employee wages, which implies a failure to withhold federal income taxes, thus introducing a federal question; and (2) the Complaint implicates employee benefits, thus touching on ERISA and raising a federal question. Notice of Removal 2. Defendant has also filed a 45 page cross-complaint and 162 page first amended cross-complaint alleging numerous constitutional and statutory violations by Plaintiff (the "Cross-Complaints"). ECF No. 11.

With respect to this motion to remand, Defendant has filed two separate opposition briefs, the first of which asserts that the Cross-Complaints create federal question jurisdiction. ECF No. 17. In the second opposition brief, he claims that: (1) Plaintiff's Complaint references unpaid wages and is thus governed exclusively by the federal Fair Labor Standards Act (the "FLSA"); and (2) federal district courts have considered cases involving the issue of back pay under the FLSA—in particular, in the case *Hess v. Madera Honda Suzuki*, No. 1:10-cv-01821-AWI-BAM, 2012 WL 4052002 (E.D. Cal. Sept. 14, 2012). ECF No. 23. Finally, he asks the Court to issue an order to show cause re: contempt against Plaintiff, claiming that Plaintiff has made "willful and intentionally false and fraudulent statements" in her motion to remand. Specifically, he claims that Plaintiff's counsel, Doris Ng, is not authorized to practice before any federal court and contests the underlying facts of the Complaint, saying that "Julie Su, Doris Ng and the other Cross-Defendants, who were part of the 'Lesbian Female Anti-Gay Anti-Male Network' operating secretly 'sub rosa' within the Labor Department" have been conspiring against him. *Id.* at 8.

Plaintiff responds that: (1) Defendant cannot rely on defenses or cross-complaints to create federal jurisdiction; (2) the Complaint only alleges a single state cause of action; and (3) *Hess* is distinguishable because the Plaintiff there alleged federal causes of action. ECF Nos. 8, 18, 24.

## DISCUSSION

**A. Legal Standard**

A defendant may remove an action to federal court where that action "falls within the original 'federal question' jurisdiction of the United States district courts." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8 (1983), *citing* 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that

federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000), quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999). It is not enough to "show that a federal question lurks somewhere inside the parties' controversy." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). Rather, courts must determine federal jurisdiction based solely on what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. A defendant's answer or counterclaim, for example, cannot create federal question jurisdiction where that question is not "presented on the face of the plaintiff's properly pleaded complaint." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

The removal statute, 28 U.S.C. § 1441, must be "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). The defendant "bears the burden of establishing that removal is proper." *Id.* As a result, any ambiguities should be resolved "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Any defects in the Court's subject matter jurisdiction require remand; the duty to remand under 28 U.S.C. § 1447(c) is "mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

**B.  Defendant Fails to Demonstrate Federal Question Jurisdiction**

The record indicates that Defendant is named in a state court complaint seeking damages arising under the California Labor Code. The Complaint contains no reference, express or otherwise, to any federal statute, regulation, or other federal law. ECF No. 1. Defendant cannot create federal jurisdiction through the mere invocation of a federal statute in his notice of removal or via a cross-complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue"); *Holmes Group, Inc.* 535 U.S. at 831.

Defendant asserts that Plaintiff's claim is properly governed by the FLSA because it references "unpaid wages." ECF No. 23. But the California Labor Code also contains the term "unpaid wages"; the mere fact that a complaint references wages or backpay does not convert that complaint into a complaint under the FLSA. *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1111 (9th Cir. 2000) (remand proper for claim under California Labor Code § 201.5, which states that terminated employees are "entitled to receive payment of the wages earned and unpaid at the time of the termination by the next regular payday"). The same can be said of Defendant's argument that unpaid wages implicate federal tax laws. Nor can the invocation of ERISA in the notice of removal create a federal question. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1405 (9th Cir. 1988) ("Ethridge's claim for tortious discharge is not preempted by ERISA simply because Ethridge sought to recover lost salary and benefits . . . ERISA-preemption did not provide a basis for the exercise of removal jurisdiction over the 1987 complaint"). Defendant also argues that in *Hess v. Madera Honda Suzuki*, No. 1:10-cv-01821-AWI-BAM, 2012 WL 4052002 (E.D. Cal. Sept. 14, 2012), the court considered a wage and hour claim involving California Labor Code statutes. As Plaintiff correctly argues, however, the plaintiff in *Hess* expressly included an FLSA claim in her complaint, distinguishing *Hess* from the current case.

Finally, the Court finds no justification for an order to show cause re: contempt on the part of Plaintiff. Plaintiff does not appear to have engaged in any conduct that could possibly violate Federal Rule of Civil Procedure 11—her motion to remand and reply briefing are models of restraint in comparison to the allegations leveled by Defendant throughout his voluminous pleadings. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("the central purpose of Rule 11 is to deter baseless filings in district court").

**ORDER**

Defendant's papers fail to establish this Court's subject matter jurisdiction to support removal of the action. As such, it is ORDERED that:

1. The Court DENIES Defendant's request for an order to show cause re: contempt against Plaintiff and her counsel;

2. The Court REMANDS to the Superior Court of Fresno County, pursuant to 28 U.S.C. § 1447(c), this action; and

3. The Court DIRECTS the clerk to take necessary action to remand this action to the Superior Court of Fresno County.

Dated: April 1, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE